UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 03-65-DCR |
| | ) | Civil Action No. 6: 08-7022-DCR |
| V. | ) | |
| | ) | |
| RINGO CABRALES-PERALTA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant/Petitioner Ringo Cabrales-Peralta's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 181] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on March 2, 2009. [Record No. 196] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Cabrales-Peralta's motion be denied, with prejudice. The Magistrate Judge further recommended that the Court should refuse to issue a Certificate of Appealability on any of the issues raised in his petition if such a certificate were sought by Cabrales-Peralta. [Record No. 196, p. 15-16]

Although Cabrales-Peralta requested and was granted an extension of time to file objections to the Recommended Disposition, he has failed to file such objections within the time permitted by the Court. Accordingly, the matter is now ripe for the undersigned's review.

**I.     STANDARD OF REVIEW**

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning disposition of the petition. Accordingly, the relief requested by Cabrales-Peralta will be denied.

**II.    ANALYSIS**

    **A.    The Petitioner Has Waived His Right To Seek Collateral Review.**

Cabrales-Peralta was indicted on charges of conspiring to possess and to distribute 1,000 kilograms or more of marijuana. However, based on his agreement with the government, he ultimately entered a guilty plea to a conspiracy involving 100 kilograms or more of marijuana. During rearraignment, the Petitioner was advised of the potential penalties for his crime. Additionally, the waiver provision of the Plea Agreement was explained and discussed in detail. Cabrales-Peralta stated under oath that he had not been promised a specific sentence in exchange for entering a guilty plea. During this and other proceedings, Cabrales-Peralta conversed in English. At no time did he request or did it appear that an interpreter would be necessary. And as the

Magistrate Judge has concluded, Cabrales-Peralta waived his right to appeal and to seek collateral review of his guilty plea and sentence in a knowing, intelligent and voluntary manner.

### B.     The Petitioner Has Failed To Establish Ineffective Assistance Of Counsel.

The Recommended Disposition identifies the focus of Cabrales-Peralta's ineffective assistance of counsel claim: deficient performance and prejudice. *See Strickland v. Washington*, 104 S.Ct. 2052, 2064 (1984). Cabrales-Peralta cannot establish either element under the facts presented. As Magistrate Judge Wier noted, Cabrales-Peralta has failed to establish by a preponderance of the evidence that his attorney's representation fell below an objective standard of reasonableness or that such representation was outside the range of competence demanded of attorneys in criminal cases. Where, as here, all proceedings were conducted in English, Cabrales-Peralta clearly understood and conversed in English and at no time requested a Spanish interpreter, his counsel acted reasonably in not requesting an interpreter.

Nothing in the record supports Cabrales-Peralta's assertion that his attorney coerced him into entering a guilty plea or that Cabrales-Peralta was unaware of the potential penalty for his criminal conduct. Further, had Cabrales-Peralta proceeded to trial and been convicted of the greater charge contained in the indictment (or even the charge to which he entered a guilty plea), his sentence would have been greater that the sentence actually imposed. His counsel's recommendation to plead guilty pursuant to the terms of the Plea Agreement does not fall outside the range of competence demanded of attorneys in criminal cases.

Finally, nothing in the record supports Cabrales-Peralta's present claim that he entered a guilty plea based on counsel's promise that he would receive a sentence of no more than five years. Instead, the record demonstrates that Cabrales-Peralta clearly understood at the time of the

rearraignment hearing that the Court would ultimately determine the sentence. Further, Cabrales-Peralta swore under oath that, other that the items contained in the Plea Agreement, no promises had been made to him in exchange for his guilty plea.

### III. CONCLUSION

For the reasons outlined above, it is hereby **ORDERED** as follows:

1. The Court **ADOPTS** and **INCORPORATED** by reference the findings and recommendations contained in the Magistrate Judge's Recommended Disposition [Record No. 196].

2. Petitioner Ringo Cabrales-Peralta's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 181] is **DENIED**, with prejudice.

3. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 24th day of April, 2009.

Signed By:
*Danny C. Reeves* DCR
United States District Judge